UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN T. HALEY,

    Plaintiff,

vs.                                                   Case No. 12-50351

NOMAD PRESERVATION, INC., et al.,         HON. AVERN COHN

    Defendants.

_____/

## MEMORANDUM AND ORDER
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 14)

### I. INTRODUCTION

This is a creditor rights and debt collection case. Plaintiff Stephen Haley, proceeding pro se, obtained a default judgment against defendant debtor Hassan Dabaja in a state court in Ohio. The judgment was registered and certified in this district. Part of the judgment required Dabaja to transfer a 2005 Cadillac to Haley. The Cadillac, however, was sold to a third party individual.

On June 4, 2012, the Court denied Haley's request to order the third party to turn over the Cadillac and direct Dabaja to pay damages (Doc. 5).

On June 28, 2012, the Court issued an order allowing Haley to seize Dabaja's property to satisfy the judgment (Doc. 8). Haley unsuccessfully attempted to execute on Dabaja's property.

On August 15, 2012, Haley filed a "Motion And Notice For Court To Issue 'Warrant To Arrest Judgment Debtor' Pursuant To Fed. R. Civ. P. 64, 69 And MCL 600.6075 To

600.6085 (Doc. 9).

On September 10, 2012, the Court held a show cause hearing.

On September 14, 2012, the Court issued a Memorandum and Order denying Haley's motion (Doc. 12).

Before the Court is Haley's motion for reconsideration (Doc. 14). For the reasons that follow, the motion will be denied.

## II. STANDARD OF REVIEW

The Local Rules of the Eastern District of Michigan provide that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). No response or oral argument is allowed unless the court orders otherwise. E.D. Mich. LR 7.1(h)(2). The court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). To obtain reconsideration of a court order, "the movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." Id. A palpable defect "is a defect which is obvious, clear, unmistakable, manifest, or plain." Ososki v. St. Paul Surplus Lines Ins. Co., 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

## III. DISCUSSION

Haley filed the motion for reconsideration on October 18, 2012, 34 days after entry of the order. The motion is untimely. See E.D. Mich. LR 7.1(h) (mandating motion for reconsideration be filed within 14 days after order).

Further, Haley restates arguments previously argued in his original motion. Haley has failed to demonstrate a palpable defect.

### IV. CONCLUSION

For the reasons above, the motion for reconsideration is DENIED.

SO ORDERED.


Dated: October 24, 2012         S/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 24, 2012, by electronic and/or ordinary mail.

                                S/Julie Owens
                                Case Manager, (313) 234-5160